The opinion of the court was delivered by
Collamer, J.
By the statute relating to jails and jailers, and for the relief persons imprisoned therein, provision is made that poor prisoners may take the oath therein prescribed, and thereupon be discharged. In the 13th section, (Stat. p. 222,) it is provided, e< That all and every judgment obtained against any such prisoner, shall, notwithstanding such discharge, be and remain good and effectual in law, to all intents and purposes, against any estate whatever, which may then or at any time afterwards belong unto any such prisoner; and a new execution may issue, at any time, against the goods, chattels or lands of such prisoner, in the same way and manner as might have been done, if the prisoner never had been in execution.”
We are now called on to decide that the words “at any time” are to be taken by themselves, without limitation or qualification, and enable the creditor not only to take execution after a commitment, but after the year and a day, and even exempts such judgment from the statute of limitations, and by consequence from all presumptions arising from lapse of time. This would give to these words an effect which, even if the sentence contained no qualifying words, the court would be slow to believe was intended by this statute. The object of this expression is, however, quite obvious. It was considered that when a debtor had been in execution or imprisoned, it operated a discharge of the judgment. To prevent this effect, in case of the discharge of the body, by the poor debtor’s oath, this section was enacted. Hence ihp concluding *404 expression, as if the prisoner had not teen in execution. It puts the judgment on the same ground as any other unsatisfied judgment, except as to process against the body. The statute in words provides that the new execution against the goods, &c. is to issue at any time in the same way and manner as might have been done had not the prisoner ever been in execution. Now in what way and manner must an alias execution issue ? By the common law, if a judgment lay dormant more than a year and a day, it was pre- - sumed to be satisfied. If the judgment was for a debt, the action of debt on the judgment was necessary. If the judgment was for land where debt could not be sustained, a scire facias was brought. In both cases the declaration alleged the judgment to be unrevers-ed and unsatisfied, and the defendant must come in and show his apcpuing defence, if any he has. By statute, (West. 2) scire facias was given in personal actions, for conformity. This being a statute not creating a right, but merely regulating the form of remedy, has been adopted by the usages of our courts. In ordinary cases, after a year and a day, no execution can issue on a dormant judgment, on account of the presumption. While a debtor remains in prison, perhaps no presumption can arise, but he may as well be presumed to have paid the judgment after his release from imprisonment, as any-other debtor. There can be no reason why scire facias should not be brought to allow him the opportunity to show payment, accord, tender, limitation, or any other accruing defence as much as to any other debtor. Such is the way and manner in which alias executions are to issue, when a debtor has not been in execution, and therefore by the express words of this Statute such is the way and manner in which this should have issued. It therefore irregularly issued, and though issuing from a court of competent jurisdiction, it was not void — it was properly superseded by the county JBDUrt,
Judgment affirmeds